William J. Crangle, J.
Defendant moves to dismiss plaintiffs’ complaint and for summary judgment upon the ground that written proof of claim under a medical payment clause contained in the automobile liability sued upon was not given 1 ‘ as soon as practicable ’ ’ as required by the contract.
The accident in which plaintiffs were injured happened August 3, 1970. Defendant received notice of the accident August 11, 1970. The plaintiffs’ last medical treatment for injuries was had on March 19, 1971. Claim was made to defendant for the medical expenses incurred by them on June 16, 1972, 15 months after the last medical treatment.
Defendant alleges that it has been prejudiced by plaintiffs’ delay in making their claims, but it does not specify in what respect it was prejudiced. Courts have held as to similar phraseology in liability policies requiring notice of an accident that failure of an injured claimant to give notice of the hap *570 pening of an accident upon which a claim is predicated for such a long period of time is prejudicial as a matter of law (Deso v. London & Lancashire Ind. Co. of Amer., 3 N Y 2d 127).
But different considerations arise with respect to a medical payment clause in such a policy. Often, as here, the insurer has early notice of the accident and presumably makes whatever investigation of the circumstances and injuries it feels will be helpful and necessary. In such cases injuries may be treated over a lengthy period of time, and it may be difficult to determine when the need for treatment has ended so that a claim may be filed immediately. As a practical matter, the medical payment coverage under the insurance contract is not always known to the injured parties and may become known to them, as in this case, only when negotiations for settlement of other litigation arising from the accident takes place. Where such considerations exist the reasonableness of the delay should become a question of fact for the jury, and prejudice should not be presumed (Deso v. London & Lancashire Ind. Co. of Amer., supra; Gluck v. London & Lancashire Ind. Co. of Amer., 2 A D 2d 751, affd. 2 N Y 2d 953). Defendant’s motion is therefore denied.
Plaintiffs’ cross motion for summary judgment is also denied. The issue of timeliness of the claim under the contract, as well as other issues involving the need, extent and value of the treatment claimed, requires plenary trial.